IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KAREN BLICKHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3299 |
| | ) | |
| THE CATHOLIC DIOCESE OF | ) | |
| SPRINGFIELD, IN ILLINOIS, AN | ) | |
| ILLINOIS RELIGIOUS | ) | |
| ASSOCIATION d/b/a QUINCY | ) | |
| CATHOLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant's Motion to Dismiss (d/e 5). Plaintiff Karen Blickhan, a former employee of Defendant, filed her First Amended Complaint and Demand for Jury Trial (d/e 2) on January 25, 2007. She alleges that her employment with Defendant was terminated in violation of the Age Discrimination in Employment Act of 1967 (ADEA) (Count I) and the Illinois Human Rights Act (IHRA) (Count II). Defendant moves to dismiss Count II based on Plaintiff's alleged failure to exhaust administrative remedies. For the reasons set forth below, the

1

Motion to Dismiss is allowed.

In analyzing the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Amended Complaint and draw all inferences in the light most favorable to Plaintiff. <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996). A claim should not be dismissed unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle her to relief. <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 322 (7th Cir. 1996).

Defendant asserts that Count II must be dismissed because Plaintiff has failed to exhaust her administrative remedies under the IHRA. <u>See Peters v. Fansteel, Inc.</u>, 736 F.Supp. 198, 201 (N.D. Ill. 1990). Plaintiff agrees that Count II should be dismissed and stipulates to its dismissal. <u>Stipulation to Dismiss Count II of Plaintiff's Complaint (d/e 8)</u>.

THEREFORE, Defendant's Motion to Dismiss (d/e 5) is ALLOWED. Count II of Plaintiff's Amended Complaint is dismissed. Defendant is directed to file a responsive pleading to Count I on or before April 25, 2007.

IT IS THEREFORE SO ORDERED.

ENTER: March 23, 2007.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE